

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. W. A. Johnson
County Attorney
Tom Green County
San Angelo, Texas

Dear Mr. Johnson:

Opinion No. 0-7469
Re: Does the Junior College District
which is co-extensive with the
boundaries of Tom Green County
have the authority to tax the
intangible assets of railroad
rolling stock?

You present for the opinion of this department
the question contained in your letter of October 11, 1946,
which we quote as follows:

"The San Angelo Junior College District has been
formed under the provisions of Article 2815-H of the
Revised Statutes of 1925, as amended.

"The boundaries of the San Angelo Junior College
District are co-extensive with the boundaries of Tom
Green County.

"The Panhandle & Santa Fe Railway Company and the
Gulf, Colorado & Santa Fe Railway Company operate lines
of railway in Tom Green County, Texas.

"By election, the Junior College District is to be
supported by a tax of $.20 upon the $100.00 valuation.

". . .

"I request that you advise me as promptly as
convenient whether the Junior College District tax properly
should apply to and be collected on the intangible assets
and the rolling stock of the railroads."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. W. A. Johnson, page 2

While not directly involved in your opinion request, we deem it advisable to first dispose of the question as to whether or not the fact that the Junior College District is coextensive with the boundaries of Tom Green County has any relevancy to the question presently to be considered, namely, the authority to assess the rolling stock of railroads in the same manner as the tax collector assesses the rolling stock of railroads for State and county purposes as provided in Art. 7113, V. R. C. S., and Art. 7169, V. R. C. S. We dispose of this question by saying that in our view it is of no significance that the boundary lines of the Junior College District are coextensive with the boundary lines of Tom Green County. True, the entire county is embraced in the Junior College District, but nevertheless it is a district, and the law governing districts and not counties is applicable.

This question seems to have been disposed of by the case of State v. Houston & T. C. Ry. Co., 209 S. W. 820, from which we quote as follows:

"While it is true that the rolling stock and intangible property of the defendant railroad company is property and taxable as such in the manner and place, and for the purposes, prescribed by law, it by no means follows that it is taxable in said navigation district for its use and benefit. The fact that its boundaries are the same as those of Harris county is immaterial. The 'Harris County Houston Ship Channel Navigation District of Harris County' has no power of taxation, except such as is expressly conferred upon it by the law of its creation, and in determining such power such law must be strictly construed. . . ."

Having concluded that the common boundaries of the Junior College District with that of Tom Green County is of no significance in the determination of this question, and that the same does not make it any more or less a district, we start with the premise that the district being a creature of the Legislature can exercise only such powers, taxation or otherwise, as conferred upon it by the Legislature either expressly or by clear implication. We look first to see whether or not the statute which authorizes the creation of Junior College districts confers upon them the authority to assess and collect taxes against the rolling stock of railroads traversing the district.

Hon. W. A. Johnson, page 3

There is found in Sec. 7, Art. 2815h, V. R. C. S., the provision authorizing the assessment and collection of taxes by Junior College districts, which is as follows:

". . . The issuance of the bonds for Junior College purposes, and the provision of the sinking fund for the retirement thereof, and the payment of interest and the levying of taxes for the support and maintenance of the Junior College, shall in so far as same is applicable, be in accordance with the general election laws and the laws governing the issuance of bonds and the levying of taxes in the Independent School District, provided the total amount of tax levied for Junior College purposes shall never exceed twenty (20) cents on the One Hundred Dollars of property valuation within said District, based on the valuation fixed by the Board of Equalization of the Junior College District; provided further that if no taxes have been assessed and equalized in said Junior College District at the time of the issuance of such bonds, then the basis shall be the valuation in the Independent School District. If its boundaries are not the same, then such valuation shall be based on the valuation fixed by the Commissioners Court for State and County taxes in such County within the limits of the Junior College District."

Does this provision of the statute authorize a Junior College district to impose a tax upon the rolling stock of railroads? We think not. In truth there is evidence of legislative intent to negative such authority upon the part of such districts. It is observed that the authority to levy taxes is in accordance with the general law governing the issuance of bonds and the levying of taxes in independent school districts, and that it is to be upon property within said districts. No such authority is conferred upon independent school districts by general law.

A few cases will suffice to support our position. In the case of Bell County v. Hines, 219 S. W. 556, (W.E.R.) it is said:

"Appellant admits, and properly so, that the intangible assets and rolling stock of a railway company are not subject to taxation by a special road district."

Hon. W. A. Johnson, page 4

Another case in point, except that the authority
of the city to tax the rolling stock of a railway company
is involved, is Gulf, Colorado Ry. Co. v. City of Dallas,
16 S. W. (2d) 292, (Com. App.):

"The Legislature originally (Act Aug. 21, 1876
(Laws 1879, c. 157, §19)) subjected rolling stock of
railway companies to taxation by cities and towns by
the apportionment method, and subsequently repealed
the same in the adoption of the Revised Statutes of
1879, and later, by the passage of the Act of March 28,
1885 (Laws 1885, c. 63), expressly exempted railway
companies from the necessity of making rendition of
its rolling stock to incorporated cities and towns.
We think such action negatives the grant of authority
to the city of Dallas which is claimed to exist in this
case to tax the rolling stock of a railway company,
eventthough the same was situated within the city on
January 1st, and so remained for a definite time.

"The Legislature no doubt concluded that it would
not be the exercise of a sound policy to subject rolling
stock of a railway company to taxation by cities and
towns along their lines because of the confusion which
would result from efforts of different municipalities
to determine the situs of such property due to its
transitory nature. While switch engines may have more
permanency in their location than other rolling stock,
yet all locomotives belonging to a railway company are
of necessity a part of its rolling stock, the location
of which is subject to be changed from time to time.
The situs of so much of rolling stock belonging to
railway companies was indefinite and uncertain that
the Legislature was justified in classing it all as a
unit for purposes of taxation. It unquestionably had
the authority to determine the situs of rolling stock
for purposes of municipal taxation. The fact that
isolated rolling stock might in some instances appear
to have a fixed location is not sufficient to invalidate
the classification thus made.

"In the absence of a statute defining the taxable
situs of this property otherwise, it was only taxable
at the domicile of the railway company."

Hon. W. A. Johnson, page 5

We believe the foregoing sufficient to indicate the absence of legislative intent to authorize Junior College districts to impose a tax upon the rolling stock of railroads traversing the districts, and this regardless of whether or not the boundaries of the districts are the same as the counties.

You are therefore advised that it is the opinion of this department that Junior College districts do not have the power and authority to levy and collect taxes upon the rolling stock of railroads traversing the district and upon their intangible assets.

We appreciate yourconforming to the statutes in submitting a brief with your opinion request, which has been helpful to us in the preparation of this opinion.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

L. P. Lollar
Assistant

LPL:AMM

APPROVED   OCT  29 1946

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN